NORTHERN DISTRICT OF TEXAS
FILED

DEC 16 2014

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDALL KELTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-991-A |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action is before the court by a notice

of removal filed by defendant, Deutsche Bank National Trust

Company, as Trustee in Trust for Registered Holders of Long Beach

Mortgage Loan Trust 2006-WL3 Asset-Backed Certificates, Series

2006-WL3.[1]  Plaintiffs, Randall Kelton ("Kelton") and David Wethy

("Wethy"),[2] initiated this action on April 1, 2014, in the

District Court of Tarrant County, Texas, 352nd Judicial District.

On April 25, 2014, Larry Stillwell ("Stillwell") filed a petition

in intervention.  Having carefully examined the notice of removal

and the voluminous state court papers attached thereto, the court

concludes that Wethy's claims are barred by the doctrine of res

---

[1]Defendant indicated in the notice of removal that it was incorrectly named in the state court pleadings as "Deutsche Bank National Trust Company."

[2]This is not the first such action filed by Wethy.  The court, in dismissing a previous case Wethy filed, noted him to be a "serial filer of frivolous lawsuits, many of which have been dismissed for frivolousness, or for similar reasons."  July 5, 2013 Order in Case Number 4:13-CV-318-A, Dkt. No. 18.

judicata, Kelton and Stillwell have failed to show that either
has standing to pursue the claims and causes of action asserted
in their state court pleadings, and that this action should be
dismissed in its entirety.

I.

## Nature of the Claims Asserted

In their state court pleadings, Kelton and Wethy alleged
that on October 18, 2005, an individual named Gary Jennings
("Jennings"), who is not a party to this action, was granted a
warranty deed as to certain property located at 10733 Lipan Trail
in Fort Worth, Texas.  The same day, Jennings signed a purchase
loan agreement and a deed of trust to secure the payment of his
obligations towards the purchase of the Lipan Trail property.
Although the allegations in the state court pleadings appear in
large part to be nonsensical and difficult to discern, Kelton and
Wethy apparently contend that the deed of trust is void and
unenforceable, and that any purported assignment thereof is
fraudulent, void, and of no effect.  Kelton and Wethy seek to
quiet title to the property by removal of the substitute
trustee's deed.

Stillwell's petition in intervention alleged that on December 15, 2013,[3] following the foreclosure of his own home, Stillwell signed a two-year lease agreement with Wethy to rent the property on Lipan Trail.  However, unbeknownst to him, defendant purchased the property at a foreclosure sale the same day.  In February 2014, following defendant's successful forcible entry and detainer proceeding, defendant gave Stillwell twenty-four hours' notice to vacate the property.

## II.

## Analysis

A.   Wethy's Claims are Barred By Res Judicata

Res judicata is generally considered an affirmative defense. Carbonell v. La. Dep't of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985).  However, the court may sua sponte dismiss an action on res judicata grounds when the elements of the defense are apparent on the face of the pleadings.  Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994).  In making such a ruling, the court may take judicial notice of the record in a prior related proceeding.  Ariz. v. Cal., 530 U.S. 392, 412 (2000).

---

[3]The petition in intervention indicates this date is in December 2014.  This is obviously a typographical error.

Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).  The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action.  Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata.  Procter & Gamble Co. V. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004).  In Nilsen, the court explained: "[I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."  Nilson, 701 F.2d at 560 (emphasis in original).  See also Matter of Howe, 913 F.2d 1138,

4

1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

On August 23, 2013, defendant and another entity initiated Civil Case No. 4:13-CV-697-A by filing a notice of removal of Wethy's state court petition filed in the District Court of Tarrant County, Texas, 342nd Judicial District.[4]  The state court pleadings concerned the same property on Lipan Trail that is the subject of the instant action.  In the state court petition in Case Number 4:13-CV-697-A, Wethy complained about the validity of the deed of trust, alleged that any assignment of the deed of trust was void, and challenged defendant's right to pursue foreclosure proceedings against the property.  On August 30, 2013, the court dismissed the action in its entirety because Wethy lacked standing to pursue the claims against defendant.

In the instant action, Wethy again complained about the note and deed of trust executed to secure the purchase of the Lipan Trail property.  Wethy maintained that those documents are void and unenforceable and that any purported assignments of those documents were without authorization and were also void.

---

[4]The court takes judicial notice of the entire record of Civil Case Number 4:13-CV-697-A.

Considering all of the foregoing, it is apparent that the elements of res judicata apply to bar Wethy's claims in the instant action.  Wethy and defendant were parties to Case Number 4:13-CV-697-A and are parties here.  The prior action was concluded by a final judgment on the merits,[5] issued by the undersigned, a court of competent jurisdiction.  All of the claims and causes of action in both actions arise from the same nucleus of operative facts concerning the property on Lipan Trail.  All of the required elements having been met, the court concludes that res judicata bars Wethy's claims in the instant action.[6]

B.    Kelton Lacks Standing

Article III of the United States Constitution limits the judicial power of federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1.  Constitutional standing implicates the court's jurisdiction to consider an action before it.  See Allen v. Wright, 468 U.S. 737, 750 (1984).  Hence, a federal court has an independent duty, at any point in a proceeding, to determine its jurisdiction over an action,

---

[5]A dismissal for lack of standing, such as the dismissal in Case Number 4:13-CV-697-A, is a final judgment on the merits for purposes of res judicata.  See Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 469 (5th Cir. 2013).

[6]Even if res judicata did not bar Wethy's claims, they would be dismissed for lack of standing, for the reasons as discussed in section II.B. below.

including whether a party has standing.  <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999).

The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the controversy to merit his or her being the proper party to litigate it.  Standing in any federal court is a federal question not dependent on a party's prior standing in state court.  <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 804 (1985).  Constitutional standing under Article III has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) traceable to the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992); <u>St. Paul Fire & Marine Ins. Co. v. Labuzan</u>, 579 F.3d 533, 539 (5th Cir. 2009).

In the instant action, the state court pleadings fail to pass even the first element needed to show standing: nothing therein alleges that Kelton has suffered any injury.  This action concerns the note and deed of trust securing the purchase by Jennings of property located at 10733 Lipan Trail, Fort Worth, Texas, and the purportedly void or invalid assignments concerning the property that led to a purported wrongful foreclosure. Kelton in the state court pleadings alleged that on October 18, 2005, Jennings was granted a warranty deed as to the property on

Lipan Trail, and that he signed a note and deed of trust in conjunction with the purchase of that property. All of the documents pertaining to the Lipan Trail that are attached to the state court pleadings identify Jennings as the owner of the property. However, as far as the court can tell, nothing in the state court papers mentions Kelton or purports to grant him any interest in the property located at 10733 Lipan Trail.[7]

To summarize, nothing in the petition can be construed as showing that Kelton has any interest in the property at issue, and so he cannot establish that he has suffered any injury in fact. Lacking that element, Kelton is similarly unable to show causation or that he has an injury that is redressable by the court. Hence, Kelton cannot establish that he has standing to bring the instant action. <u>Lujan</u>, 504 U.S. at 560-561.

C.  <u>Stillwell Lacks Standing</u>

Similarly, Stillwell's only interest in the property was as a tenant. Stillwell alleged that he received notice to vacate the premises in February 2014. The thirty-six page petition in

---

[7]The state court papers included a document titled "Limited Power of Attorney," wherein Jennings purports to appoint Wethy as his "attorney-in-fact" in regards to all legal matters pertaining to the Lipan Trail property. This document, however, does not authorize Wethy to file legal papers on Jennings's behalf or represent Jennings in a court of law. <u>See</u> <u>Weber v. Garza</u>, 570 F.2d 511, 514 (5th Cir. 1978) (holding "power of attorney" does not entitle plaintiff to engage in unauthorized practice of law on behalf of other plaintiffs by preparing legal papers, filing petitions and briefs, and generally acting as attorney in violation of state and federal provisions). In any event, the power of attorney does not mention Kelton.

intervention appears in its entirety to challenge the various assignments of the note and deed of trust pertaining to the property on Lipan Trail.  Indeed, it appears that the only relief Stillwell seeks is a declaration that the substitute trustee's deed, signed December 15, 2013, showing the purchase by defendant of the Lipan Trail property, is void.  Absent from the petition, however, is any authority whereby Stillwell may raise such a challenge or obtain such relief.  And although Stillwell complains that the eviction proceeding interfered with his rental agreement, foreclosure of the property by defendant effectively terminated that lease.  See, e.g., ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527, 530 (Tex. App.--El Paso 1994, writ denied). Stillwell has failed to show any interest in the subject property for which he may bring the claims and causes of action asserted in the petition in intervention.[8]

### III.

### Order

Therefore,

The court ORDERS that all claims and causes of action brought by plaintiffs, Kelton and Wethy, and intervenor, Stillwell, against defendant,  Deutsche Bank National Trust

---

[8]In addition to problems with standing and res judicata, the court, having reviewed all of the state court pleadings, is inclined to believe that dismissal would also be warranted for failure of Wethy, Kelton, or Stillwell to state any claim for relief.

Company, as Trustee in Trust for Registered Holders of Long Beach
Mortgage Loan Trust 2006-WL3 Asset-Backed Certificates, Series
2006-WL3, be, and are hereby, dismissed with prejudice.

SIGNED December 16, 2014.

_____
JOHN McBRYDE
United States District Judge